IN THE CIRCUIT COURT OF PERRY COUNTY, ARKANSAS

CAROLENE JEAN CARTER 4:06CV001012 JLH PLAINTIFF

VS. NO. CV2006-50

DAVOL INC.; C. R. BARD, INC.;
JOHN DOE I, JOHN DOE II,
JOHN DOE III, JOHN DOE IV
and JOHN DOE V DEFENDANTS

FILED JUL 13 2006 BARBARA LOVELL CIRCUIT CLERK PERRY COUNTY

**COMPLAINT**

**JURISDICTION AND VENUE**

1. The Circuit Court of Perry County, Arkansas, has jurisdiction of this case because of the fact the Plaintiff is seeking damages against the Defendants in this civil proceeding thereby giving this Court jurisdiction under Ark. Const. art. 7, § 11, and Ark. Code Ann. § 16-13-201.

2. The venue for this action is in Perry County, Arkansas, pursuant to the provisions of Ark. Code Ann. § 16-60-112 and Ark. Code Ann. § 16-55-213 (Civil Justice Reform Act of 2003).

**PARTIES**

3. Plaintiff, Carolene Jean Carter, at the time of the occurrence, and all of the events described herein, and at the time of the filing of the Complaint, was and is a resident of 243 Welcome Home Road, Casa, Perry County, Arkansas 72025.

4. The first Defendant is Davol Inc., whose business address is 100 Sockanossett Crossroad, Cranston, Rhode Island 02920. The registered agent for service for Davol Inc. is CT Corporation System, 10 Weybosset Street, Providence, Rhode Island 02903.

5. The second Defendant is C. R. Bard, Inc., a New Jersey corporation, whose business address is 730 Central Avenue, Murray Hill, New Jersey 07974. The registered for C. R. Bard, Inc. (hereinafter Bard) is Nadia J. Bernstein, whose address is 730 Central Avenue, Murray Hill, New Jersey 07974.

6. There are a number of John Does listed as defendants in the case. David Hodges, one of the attorneys for the Plaintiff, will file an Affidavit as to Unknown Tortfeasors, in this case, to be filed along with the Complaint.

**FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS**

7. Defendants, Davol Inc. and C. R. Bard, Inc. (hereinafter Davol and Bard), manufactured and distributed the device described in the procedural note at St. Anthony's Healthcare Center, in an operation that took place on July 18, 2003, as a Composix Bard Kugel Mesh 20.3 x 25.4 cm. This will hereinafter be described as Bard Mesh. The pre-operative diagnosis, for the Plaintiff, who underwent the surgery at St. Anthony's Healthcare Center, was recurrent

incisional hernia, and the post-operative diagnosis was recurrent incisional hernia with incarceration.

8. The Bard Mesh, manufactured, distributed and sold by the Defendants, which was used in the surgery on the part of the Plaintiff, was defective, and was subject to a recall, and, by reason of the allegations herein, the Bard Mesh was defective, caused infection to set in and to injure and damage the Plaintiff, as hereinafter set forth, and this subjects the Defendants to liability to the Plaintiff under these circumstances.

9. At the time of the surgery, the Plaintiff worked as an LPN at Children's Colony, and she developed a hernia. She took time off. She didn't anticipate she would be gone more than five or six weeks because of the hernia surgery. The surgery was conducted on July 18, 2003, by Dr. George Nawar, 2 Hospital Drive, Morrilton, Arkansas 72110.

10. Because of the introduction of the defective Bard Mesh, in the surgery, subsequent surgeries were required, and the Plaintiff is still suffering from the injuries and damages caused by the defective mesh. In fact, as late as July 11, 2006, the Plaintiff had to return to the UAMS facility in Little Rock, Arkansas, in order to have additional work done as a result of the defective mesh.

11. The subsequent treatment required by the Plaintiff, including, but is not limited to, going back for additional surgery in September 2003. The surgeon, on this occasion, opened her up, and started packing the area every day, and this went on for in excess of six weeks, and she would go in to do physical therapy at the hospital, and they used equipment to wash out the area, in an attempt to repack it, with what amounts to a bleach solution, and they would cover it back up and she would then go back the next morning. This was a wide open exposure of her body at this time because of the introduction of the defective Bard Mesh into her body.

12. At the time of this occurrence the Plaintiff was employed, as previously recited, and she never has been able to fully return to work.

**COUNT I**

13. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraph Nos. 1-12, inclusive, of the Complaint as a part of this count.

14. The injuries and damages complained of by the Plaintiff were caused by the defective Bard Mesh, manufactured, distributed and sold by the Defendants, and the Defendants were guilty of negligence, which negligence consists of, but is not limited to, the following, which negligence was a

proximate cause of the alleged injuries and damages sustained by the Plaintiff, as follows:

a. Negligently failed to design, manufacture and construct a Bard Mesh that operated properly under the circumstances.

b. Negligently failed to design, manufacture and deliver and sell a Bard Mesh that was sanitary under these conditions and circumstances.

c. Negligently failed to provide adequate protection to the Plaintiff, and others similarly situated, by reason of the fact that they supplied a defective Bard Mesh, which was subject to a recall, because of inherent defective conditions in the design, manufacture and distribution of the product.

d. Negligently designed, manufactured, sold and distributed a Bard Mesh that failed to protect the Plaintiff from bodily injury under these circumstances.

e. Failed to use ordinary care under the circumstances.

f. Failed to design, manufacture, construct and sell a Bard Mesh that would protect the Plaintiff, from injuries and damages, including, but not limited to, the failure to properly design and supply a Bard Mesh that would not cause infection, and other injuries and damages to the Plaintiff.

g. Other negligence that will be described during the course of the litigation.

COUNT II

15. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraph Nos. 1-14, inclusive, of the Complaint as a part of this count.

16. Plaintiff contends that the Defendants were engaged in the business of manufacturing, assembling, selling, and distributing a Bard Mesh, and that the Bard Mesh in question was supplied by Defendants in a defective condition which rendered it unreasonably dangerous, and that the defective condition was a proximate cause of the Plaintiff's injuries and damages. Plaintiff contends the Defendants are strictly liable to the Plaintiff.

COUNT III

17. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraph Nos. 1-16, inclusive, of the Complaint as a part of this count.

18. Plaintiff contends the Defendants impliedly warranted that the Bard Mesh was merchantable at the time it was manufactured, sold, and distributed, and installed in the Plaintiff. Plaintiff contends that there was a breach of the implied warranty of merchantability. The Bard Mesh was not fit for the

particular purpose for which it was used, and it was not adequately constructed, and did not conform to the promises and affirmations of the Defendants. Plaintiff contends the Defendants breached the warranty of merchantability in that the Plaintiff sustained injuries and damages as a result of the defective Bard Mesh, placed in her during the surgery, as indicated herein, and that the Bard Mesh was not merchantable, and that the unmerchantable condition was a proximate cause of the injuries and damages sustained by the Plaintiff. Plaintiff was an individual whom Defendants would reasonably expect to use, consume, and be affected by the defective Bard Mesh. Plaintiff gave reasonable notice to the Defendants of the breach within a reasonable period of time, but the Defendants failed to cure the breach.

**COUNT IV**

19. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraph Nos. 1-18, inclusive, of the Complaint as a part of this count.

20. Plaintiff claims damages from Defendants on the ground that the Bard Mesh was not fit for the particular purpose for which it was intended. Defendants, at the time of manufacturing, designing, and sale and distribution of the Bard Mesh, had reason to know the particular purpose for which the Bard Mesh was required. Defendants knew Plaintiff was relying upon the

Defendants' skill and judgment to select and furnish a suitable Bard Mesh. The Bard Mesh was not fit for the particular purpose for which it was required, and this unfitness was a proximate cause of Plaintiff's damages and injuries. Plaintiff was an individual whom Defendants would reasonably have expected to use, consume, and be affected by the Bard Mesh.

**COUNT V**

21. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraph Nos. 1-20, inclusive, of the Complaint as a part of this count.

22. Plaintiff claims damages from Defendants on the ground that Defendants made, and breached, certain express warranties concerning the Bard Mesh. Plaintiff contends express warranties were created by contract executed between the parties when the Bard Mesh was purchased for installation in the Plaintiff, during the surgery, as hereinafter recited, and the Bard Mesh delivered to the Plaintiff did not conform to the express warranties created. The failure of the Bard Mesh to conform to the express warranties was a proximate cause of the Plaintiff's injuries and damages. Plaintiff was an individual whom Defendants might reasonably expect to use, consume, and be affected by the Bard Mesh.

**COUNT VI**

***RES IPSA LOQUITUR* AS TO DEFENDANTS**

23. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraph Nos. 1-22, inclusive, of the Complaint as a part of this count.

24. Defendants owed a duty to provide a Bard Mesh that was in good condition, was not defective, and that was sanitary, free of infection, and would not harm the Plaintiff, when installed during her surgery that took place in July 2003.

25. Defendants designed, manufactured, and distributed the Bard Mesh, which was under the charge and control of the Defendants, and they had charge of the Bard Mesh, and equipment, prior to the installation of the Bard Mesh during the surgery, with the exception of the reception of this by the medical care facility and the surgeon, and under the circumstances, this invokes the legal doctrine of *res ipsa loquitur* as to these Defendants.

26. All of the elements for the application of *res ipsa loquitur* are present under the circumstances, in view of the fact that all of the elements required for the application of *res ipsa loquitur*, which is described in AMI 609, which are incorporated herein by reference, are present in this case, as follows, viz:

a. The injuries and damages were attributable to the defective Bard patch, which was, with the exception of the surgery, under the exclusive control of the Defendants, and had not changed or in any way left the control of the Defendants, during the course of the time that it was manufactured, distributed, and ultimately used during the surgery.

b. That in the normal course of events no injury would have occurred if the Defendants had used ordinary care while the Bard Mesh was being utilized in the surgery, said equipment being under the control of the Defendants.

c. The Defendants, in their control and management and operation of the Bard Mesh, owed a duty to the Plaintiff to use ordinary care with regard to the proper operation of the Bard Mesh and/or safety precautions so as to make sure that it was sanitary, free of infection, which it was not, in this case, and the Defendants had to make sure that the Bard Mesh was safe to be implanted in the Plaintiff, which did not occur under these circumstances, and, therefore, this invokes the application of this doctrine.

COUNT VI

27. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraph Nos. 1-26, inclusive, of the Complaint as a part of this count.

28. Defendants, by reason of the manufacturing, sale and distribution of the Bard patch, entered into a contract with the Plaintiff, and under this contract they owed a duty to the Plaintiff to provide a proper and non-defective Bard Mesh, which was not done under these circumstances, and, therefore, the Defendants breached the contractual relationship between the Defendants and the Plaintiff, and, therefore, Plaintiff asserts a cause of action for breach of contract against the Defendants.

29. By reason of the breach of contract, in the event the jury determines that there was a breach of contract, then the Plaintiff asks for attorney's fees from the Defendants who breached the contract pursuant to the provisions of Ark. Code Ann. § 16-22-308.

DAMAGES

30. Plaintiff sustained injuries and damages, as a result of the incident, which injuries and damages consist of, but are not limited to the following, viz:

a. Permanent partial impairment;

b. Past and future medical expense;

c. Past and future pain and suffering;

d. Past and future mental anguish;

e. Loss of ability to earn in the future;

f. Scars, disfigurement and other visible results of her injuries;

g. Other damages that will be more particularly described during the course of the litigation.

31. Plaintiff seeks damages against the Defendants for a sum in excess of the limits for federal court jurisdiction.

**JURY DEMAND**

32. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

**CAROLENE JEAN CARTER, Plaintiff**

By:____________________

**DAVID A. HODGES**
**Attorney at Law**
**212 Center Street, Fifth Floor**
**Little Rock, AR 72201-2429**
**Arkansas Bar No. 65021**
**Telephone: 501-374-2400**
**Facsimile: 501-374-8926**
**E-Mail: david@hodgeslaw.com**

and

CALLIS L. CHILDS
Attorney at Law
243 Highway 64 East
Conway, AR 72032