**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CAROLENE JEAN CARTER,<br><br>Plaintiff<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation; JOHN DOE I; JOHN DOE II; JOHN DOE III; JOHN DOE IV; and JOHN DOE V,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 4-06 CV00001012 JLH |

**<u>DEFENDANTS' MOTION TO DISMISS COUNTS III, IV, V, VI, AND VII</u>**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol") request that this Court dismiss Counts III, IV, V, VI, and VII[1] of plaintiff's Complaint.

Count III is for breach of implied warranty of merchantability. Plaintiff did not plead that defendants failed to provide goods fit for their ordinary purpose as required by statute and, thus her claim must be dismissed. *See Arkansas Carpenters' Health & Welfare Fund v. Philip Morris, Inc.*, 75 F. Supp. 2d 936, 945 (E.D. Ark. 1999); *see also* Ark. Code Ann. § 4-2-314(2).

Plaintiff in pleading breach of fitness for a particular purpose has failed to plead that she provided the requisite statutory notice to defendants. *See Adams v. Wacaster Oil Co., Inc.*, 98 S.W.3d 832, 835 (Ark. App. 2003). Plaintiff, in addition, has failed to allege that any particular purpose was communicated to defendants as required under Arkansas law. *Arkansas*

---

[1] Plaintiff has erroneously numbered two separate claims as "VI." Defendants move to dismiss both "Count VI" – *res ipsa loquitur* and breach of contract. The breach of contract claim will be referred to "Count VII" to avoid further confusion.

*Carpenters' Health & Welfare Fund v. Philip Morris, Inc.*, 75 F. Supp. 2d 936, 945 (E.D. Ark. 1999); *see also* Ark. Code Ann. § 4-2-315. Having failed to do either, her claim must be dismissed.

In claiming defendants have breached express warranties given by them to plaintiff, she has failed to aver that defendants received statutory notice of a breach. *See Adams v. Wacaster Oil Co., Inc.*, 98 S.W.3d 832, 835 (Ark. App. 2003). Plaintiff also has failed to identify any such alleged warranty. In so doing, she has failed to meet her burden and thus Count V should be dismissed.

Count VI sounding in *res ipsa loquitur* is not a cause of action under Arkansas law or any other jurisdiction as far as defendants can ascertain, rather it is merely a rule of circumstantial evidence allowing a plaintiff to make a *prima facie* showing of negligence. *Martin v. Aetna Casualty & Surety Co.*, 387 S.W.2d 334, 335 (Ark. 1965) ("The doctrine of *res ipsa loquitur* is a rule of evidence . . . ."); *Alexander v. Inland Steel Co.*, 263 F.2d 314, 320 (8th Cir. 1958) (same).

Plaintiff's breach of contract claim cannot be sustained as there never was a contract between plaintiff and defendants. Even assuming there was a contract, plaintiff's Complaint fails to plead sufficiently the legal requisites of a contract. Moreover, she failed to plead that she gave defendants notice of the breach as required by statute. *See Adams v. Wacaster Oil Co., Inc.*, 98 S.W.3d 832, 835 (Ark. App. 2003). As such, her claim must be dismissed.

Accordingly, this court should dismiss Counts III, IV, V, VI, and VII of plaintiff's Complaint for failure to state a claim upon which relief may be granted. The grounds for this motion are detailed in the accompanying Memorandum of Law filed herewith.

Respectfully submitted,

**/s/ Lyn P. Pruitt**
Arkansas Bar No. 84121
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax
*lpruitt@mwsgw.com*

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system and mailed the document by United States Postal Service to the following non CM/ECF participants:

David A. Hodges, Esq.
Attorney at Law
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas, 72201-2429

Callis L. Childs, Esq.
Attorney at Law
243 Highway 64 East
Conway, Arkansas 72032

**/s/ Lyn P. Pruitt**
**Arkansas Bar No. 84121**