**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS WESTERN DIVISION**

| | | |
|---|---|---|
| CAROLENE JEAN CARTER,<br><br>Plaintiff<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation; JOHN DOE I; JOHN DOE II; JOHN DOE III; JOHN DOE IV; and JOHN DOE V,<br><br>Defendants. | ) | Civil Action No.: 4-06 CV00001012 JLH |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS III, IV, V, VI, AND VII**[1]

In this medical device product liability case, plaintiff claims that C. R. Bard, Inc.'s and Davol Inc.'s Composix® Kugel® Hernia Patch, an FDA-approved sterile polypropylene mesh prosthesis designed for use in all forms of hernia repair, caused her to develop an infection after her July 18, 2003, recurrent incisional hernia repair.[2] Several of plaintiff's claims consist of nothing more than sweeping and conclusory allegations with no factual or legal support and, thus Bard respectfully requests these claims be dismissed.

[1] Plaintiff has erroneously pled two separate causes of action as "VI." Defendants move to dismiss both "Count VI" – *res ipsa loquitur* and breach of contract. The breach of contract claim will be referred to "Count VII" to avoid further confusion.

[2] Plaintiff's Complaint contains seven causes of action: Negligent Design (Count I); Strict Product Liability – Design Defect (Count II); Breach of an Implied Warranty of Merchantability (Count III); Breach of an Implied Warranty of Fitness for a Particular Purpose (Count IV); Breach of an Express Warranty (Count V); Application of *Res Ipsa Loquitur* as to All Defendants (Count VI); and Breach of Contract (Count VII).

## ARGUMENT

**A. Standard of Review**

Fed. R. Civ. P 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." In determining whether a motion to dismiss should be granted, a court is free to reject "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Varner v. Peterson Farms*, 371 F.3d 1011, 1015 (8th Cir. 2004). Moreover, while facts must be accepted as alleged, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The Court, therefore, should grant the motion to dismiss if the non-moving party is unable to prove a set of facts that would entitle it to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). Here, the Complaint contains no facts or assertions that enable plaintiff to pursue Counts III, IV, V, VI, and VII against defendants, and so plaintiff's claims must be dismissed.

**B. Count III: Plaintiff's Claim for Breach of an Implied Warranty of Merchantability Must be Dismissed.**

Plaintiff alleges that "[t]he Bard Mesh was not fit for the *particular* purpose for which it was used . . . ." Pl['s] Compl. ¶ 18 (emphasis added). In Arkansas, in order to recover under a theory of implied warranty of merchantability the plaintiff must set forth assertions consistent with the statutory factors for determining this tort. Ark. Code Ann. § 4-2-314(2). Lack of fitness for an *ordinary* purpose is one such factor; lack of fitness for a "*particular*" purpose is not. Plaintiff's claim for breach of implied warranty of merchantability must be dismissed. *See, e.g., Arkansas Carpenters' Health & Welfare Fund v. Philip Morris, Inc.*, 75 F. Supp. 2d 936, 945

Case 1:07-cv-01401-JDT-WTL Document 92-9 Filed 08/08/2007 Page 3 of 7

(E.D. Ark. 1999) (granting Rule 12(b)(6) motion when plaintiff failed to satisfy § 4-2-314(2)'s mandates).

### C. Count IV: Plaintiff's Claim for Breach of Implied Warranty for Fitness for a Particular Purpose is Flawed in That it Fails to Plead Notice of Breach Was Given to Bard and Plaintiff's Particular Purpose Was Never Communicated to Defendants.

Plaintiff alleges that defendants violated an implied warranty of fitness for a particular purpose in selling the Composix® Kugel® Hernia Patch to the hospital where plaintiff had her hernia repair performed. Pl['s] Compl. ¶ 20. Noticeably absent from this claim, however, is language that states that notice as required under Ark. Code Ann. § 4-2-607(3)(a) was given to defendants. *See Adams*, 98 S.W.3d at 835 ("We have held that the giving of reasonable notice is a condition precedent to recovery under the provisions of the commercial code and that the giving of notice must be alleged in the complaint in order to state a cause of action."). Here, plaintiff has not alleged that such notice was given; therefore, her claim must be dismissed on this basis alone.

Alternatively, plaintiff in making this allegation , states "Defendants, at the time of manufacturing, designing, and sale and distribution of the Bard Mesh, had reason to know the particular purpose for which the Bard Mesh was required." Pl['s] Compl. ¶ 20. But in Arkansas, in order to recover under the theory of breach of implied warranty of fitness for a particular purpose, the particular purpose must either be known to or communicated to the defendants. *See Philip Morris*, 75 F. Supp. 2d at 945-46; *see also* Ark. Code Ann. § 4-2-315. Here, plaintiff not only claims that the particular purpose for which *she* used the product was known to or communicated to the defendants, she makes clear that the "knowledge" of the "particular purpose" is not particular at all: it was known to the defendants when they *designed* the product. Any such knowledge could only be of the *ordinary* purpose of the product, and under Arkansas

law, if a particular purpose for which a product is used coincides with ordinary purpose then the fitness warranty merges with the implied warranty of merchantability. *Cartillar v. Turbine Conversions, Ltd.*, 187 F.3d 858, 861 (8th Cir. 1999); *Great Dane Trailer Sales, Inc. v. Malvern Pulpwood, Inc.*, 785 S.W.2d 13, 17 (Ark. 1990).

**D. Count V: Plaintiff Fails to Allege that Notice of a Potential Breach was Communicated to Defendants and In Addition She Fails to State What the Express Warranties Defendants Supposedly Breached Were.**

In her Complaint, plaintiff alleges: "Defendants made, and breached, certain express warranties concerning the Bard Mesh. Plaintiff contends express warranties were created by contract executed between the parties when the Bard Mesh was purchased for installation in the Plaintiff, during the surgery, as hereinafter recited, and the Bard Mesh did not conform to the express warranties created." Pl['s] Compl. ¶ 22. She never states that notice was given to Bard regarding any alleged breach of express warranties as required under § 4-2-607(3)(a). Such a failure mandates that her claim for breach of express warranties be dismissed. *See Adams*, 98 S.W.3d at 835 ("We have held that the giving of reasonable notice is a condition precedent to recovery under the provisions of the commercial code and that the giving of notice must be alleged in the complaint in order to state a cause of action.").

Moreover, plaintiff does not further identify any such sale "contract," and there could not be one between a medical device company and a patient receiving a product dispensable only by prescription. Not surprisingly, plaintiff fails to specify what express warranties, if any, were made to her. In order to have a cause of action for a breach of an express warranty there must be some indication in the pleadings that such a warranty existed. Plaintiff cannot point to any express warranties because none were made to her, and so her cause of action for breach of express warranty must be dismissed.

**E. Count VI: Plaintiff's Claim for *Res Ipsa Loquitur* is Not a Cause of Action But Rather Merely a Rule of Evidence.**

Plaintiff has pled the evidentiary doctrine of *res ipsa loquitur* as a cause of action. Pl['s] Compl. ¶¶ 23-26. However, *res ipsa loquitur* is merely a " rule of evidence whereby negligence of alleged wrongdoer may be inferred from mere fact that accident happened provided character of accident and circumstances attending it lead reasonably to belief that in absence of negligence it would not have occurred and that the thing which caused injury is shown to have been under management and control of alleged wrongdoer." BLACK'S LAW DICTIONARY 1305 (6th ed. 1990); *see also Alexander v. Inland Steel Co.*, 263 F.2d 314, 320 (8th Cir. 1958) (*res ipsa loquitur* is a part of the law of evidence); *Martin v. Aetna Casualty & Surety Co.*, 387 S.W.2d 334, 335 (Ark. 1965) ("The doctrine of *res ipsa loquitur* is a rule of evidence . . . ."). Indeed, it has been recognized that *res ipsa loquitur* is not a cause of action and thus incapable of being pled in a complaint. *See, e.g., Fassbinder v. Pennsylvania Railroad Co.*, 322 F.2d 859, 863-64 (3d Cir. 1963) ("The res ipsa doctrine is simply a rule of evidence . . . . It does not have to be pleaded in the complaint . . . since it is neither a cause of action nor a ground of recovery . . . ."); *Cf. Jesionowski v. Boston & Maine Railroad*, 329 U.S. 452 (1947) (describing the *res ipsa loquitur* doctrine as a 'trial rule under which negligence may be inferred from unusual happenings growing out of conditions under a defendant's control."). Based on the foregoing, plaintiff's Count VI should be dismissed.

**F. Count VII: No Contract Between Plaintiff and Defendants Ever Existed and Even Assuming One Did Exist Plaintiff Has Failed to Provide Notice of a Breach.**

In Count VII, plaintiff contends: "Defendants, by reason of the manufacturing, sale and distribution of the Bard patch, entered into a contract with the Plaintiff." Pl['s] Compl. ¶ 28. Plaintiff asserts this "contract" obligated defendants to provide "a proper and non-defective Bard

Mesh," and by failing to do so, defendants have breached this contract. *Id.* But making a product and selling it does not make a contract; a contract is created by a meeting of the minds, and none is alleged here. *Foundation Telecommunications, Inc. v. Moe Studio, Inc.*, 16 S.W.3d 531, 538-39 (Ark. 2000) ("It is well settled that in order to make a contract there must be a meeting of the minds as to all terms.").

The elements of a valid contract in Arkansas are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Id.* at 538-39. Plaintiff has failed to plead that any of these elements exist. Further, plaintiff has failed to adhere to § 4-2-607(3)(a) and plead that she provided Bard with notice of this alleged breach. *See Adams*, 98 S.W.3d at 835 ("We have held that the giving of reasonable notice is a condition precedent to recovery under the provisions of the commercial code and that the giving of notice must be alleged in the complaint in order to state a cause of action."). The "breach of contract" claim must be dismissed.

**CONCLUSION**

For the foregoing reasons, C. R. Bard, Inc. and Davol Inc. respectfully requests that the Court grant its motion to dismiss and dismiss Plaintiff's claims as outlined above.

Respectfully submitted,

**/s/ Lyn P. Pruitt**
Arkansas Bar No. 84121
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax
*lpruitt@mwsgw.com*

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed the foregoing Memorandum in Support of C. R. Bard, Inc.'s and Davol Inc.'s Motion to Dismiss with the Clerk of Court using the CM/ECF system and mailed the document by United States Postal Service to the following non CM/ECF participants:

David A. Hodges, Esq.
Attorney at Law
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas, 72201-2429

Callis L. Childs, Esq.
Attorney at Law
243 Highway 64 East
Conway, Arkansas 72032

**/s/ Lyn P. Pruitt**
**Arkansas Bar No. 84121**