FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 10 2006
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CAROLENE JEAN CARTER — PLAINTIFF

V. — NO. 4-06CV00001012 JLH

DAVOL, INC., C.R. BARD, INC., JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN DOE IV, and JOHN DOE V — DEFENDANTS

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS III, IV, V, VI, AND VII

COMES NOW, the Plaintiff, Carolene Jean Carter, represented by her attorneys, David A. Hodges and Callis L. Childs, and for her Brief in Support of Plaintiff's Response to Defendants' Motion to Dismiss Counts III, IV, V, VI, and VII states the following:

## I. FACTS

On or about July 18, 2003, Ms. Carter underwent surgery at St. Anthony's Healthcare Center in Morrilton, Arkansas, to repair a hernia. See Compl. ¶ 7. As part of that procedure, a device described as a Composix Bard Kugel Mesh was implanted in Ms. Carter. See id. After the surgery, Ms. Carter developed an infection as a result of the Bard Mesh implant. See id. ¶ 8. The infection caused Ms. Carter to undergo additional treatment, including additional

surgeries, and to miss a considerable and unanticipated amount of work. See id. ¶¶ 10-12. The Bard Mesh implanted in Ms. Carter was subsequently recalled by the Defendants due to a defect in the product. See id. ¶ 8.

## II. DISMISSAL STANDARD

When considering a motion to dismiss, the court must assume that all of the factual allegations contained in the complaint are true. See Arkansas Carpenters' Health & Welfare Fund v. Philip Morris, Inc., 75 F. Supp. 2d 936, 941(E.D. Ark. 1999) (citing Westcott v. Omaha, 910 F.2d 1486 (8th Cir. 1990)). A motion to dismiss can only be granted if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. See id.

## III. ARGUMENT

### A. The Defendants' Arguments Regarding Notice Are Moot

The sufficiency of the notice given to the seller of a breach of warranty claim and what is considered a reasonable time to give such notice are generally questions of fact for the jury based on the circumstances of each case. See L.A. Green Seed Co. v. Williams, 438 S.W.2d 717, 720 (Ark. 1969). No particular form of notice to the seller is required, and where there is evidence that notice was at least inferentially given to the seller, the seller is not entitled to judgment as a matter of law on the notice issue. See Greenfield Seed Co.

v. Bland, 710 S.W.2d 833, 835 (Ark. App. 1986); Jackson v. Swift Eckrich, Inc. , 830 F. Supp. 486, 492 (W.D. Ark. 1993).

Here, notice of the alleged breaches was sent to the Defendants by letter on July 11, 2006, attached hereto as Exhibit A. The Complaint filed herein alleged notice of the breach was given to Defendants. As a result, the Defendants' arguments regarding notice are moot.

In addition, evidence exists that the Defendants at least had inferential knowledge that the Bard Mesh was defective. For example, the Bard Mesh implanted in Ms. Carter was recalled by the Defendants due to a defect. See Compl. ¶ 8. The facts and circumstances of this case raise a genuine issue of material fact regarding whether the Defendants knew about the alleged defects, and the Defendants are not entitled to judgment on the notice issue with respect to any of Ms. Carter's claims.

**B. Ms. Carter Has Stated A Prima Facie Claim For Breach Of Implied Warranty Of Merchantability**

Under Arkansas law, a warranty that goods are merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. See Ark. Code Ann. § 4-2-314(1). In order to qualify as merchantable, goods must be fit for the ordinary purpose for which such goods are used. See id. § 4-2-314(2)(c). That is, a product must be fit for its

intended purpose. See Flippo v. Mode O'Day Frock Shops, 449 S.W.2d 692, 692 (Ark. 1970). To state a prima facie claim for breach of implied warranty of merchantability, the plaintiff must show: (1) that he sustained damages; (2) that the product sold to him was not merchantable; (3) that the unmerchantable condition was a proximate cause of his damages; and (4) that he was a person whom the defendant might reasonably expect to use of be affected by the product. See E.I. DuPont de Nemours & Co. v. Dillaha, 659 S.W.2d 756, 758 (Ark. 1983).

The Defendants claim that Ms. Carter has not established that the Bard Mesh was unmerchantable. Citing Arkansas Carpenters' Health & Welfare Fund v. Philip Morris, Inc., the Defendants argue that Ms. Carter merchantability claim must fail because she has alleged that the Bard Mesh was not fit for the particular purpose for which it was used, as opposed to the ordinary purpose for which it is used. However, the Arkansas Carpenters' case is distinguishable from and inapplicable to the facts presented here. In that case, the complaint at issue alleged only that the defendant's product was "generally defective," which the court concluded was insufficient to state a claim for breach of implied warranty of merchantability. See 75 F. Supp. 2d at 945.

Here, Ms. Carter has specifically pleaded that "[t]he Bard Mesh was not fit for the particular purpose for which it was used," "was not adequately

constructed," and "did not conform to the promises and affirmations of the Defendants" because it caused an infection in Ms. Carter after implantation. See Compl. ¶¶ 8, 18. Because Ms. Carter's Complaint does more than merely describe the Bard Mesh as generally defective, the Arkansas Carpenters' case does not provide a basis for dismissing her breach of implied warranty of merchantability claim.

Additionally, the semantic distinction between "ordinary purpose" and "particular purpose" is immaterial in this case. According to the Arkansas Court of Appeals:

> A "particular purpose" may differ from an ordinary purpose in that it envisages a specific use by the buyer which is peculiar to the nature of his business, whereas the ordinary purpose for which the goods are used are those envisaged in the concept of merchantability and go to uses that are customarily made of the goods.

F.L. Davis Builders Supply, Inc. v. Knapp, 42 Ark. App. 52, 59-60, 853 S.W.2d 288 (1993) (citing Berkley Pump Co. v. Reed-Joseph Land Co., 279 Ark. 384, 653 S.W.2d 128 (1983)). Where the particular purpose for which the buyer purchased the property coincides with its ordinary purpose, the implied warranty of merchantability merges with the implied warranty of fitness for a particular purpose, and it is improper to dismiss the merchantability claim. See id. at 60. Thus, in Knapp, the Arkansas Court of Appeals held that motions

for directed verdicts regarding the plaintiff's breach of implied warranty of merchantability claim and breach of implied warranty for a particular purpose claim were both properly denied. See id.

In this case, the particular purpose for which the Bard Mesh was used was to surgically repair a hernia. This is also the ordinary purpose for which the Bard Mesh was designed, as evidenced by the product's name—the Composix Kugel Hernia Patch. See Answer and Affirmative Defenses of C.R. Bard, Inc., and Davol, Inc., ¶ 7. As such, the particular purpose for which the Bard Mesh was used is the same as its ordinary purpose. Because Ms. Carter has alleged facts indicating that the Bard Mesh was unmerchantable, she has stated a prima facie claim for breach of implied warranty of merchantability.

**C. Ms. Carter Has Stated A Prima Facie Claim For Breach Of Implied Warranty Of Fitness For A Particular Purpose**

Where the seller of goods at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, an implied warranty that the goods are fit for such purpose exists. See Ark. Code Ann. § 4-2-315. Therefore, to state a prima facie claim for breach of implied warranty of fitness for a particular purpose, the plaintiff must show: (1) that he has sustained damages; (2) that at the time of contracting, the defendant had

reason to know a particular purpose for which the product was required; (3) that the defendant knew that the buyer was relying on the defendant's skill or judgment to select or furnish the product; (4) that the product was not fit for the purpose for which it was required; (5) that this unfitness was a proximate cause of the plaintiff's damages; and (6) that the plaintiff was a person whom the defendant would reasonably have expected to use the product. See E.I. DuPont, 659 S.W.2d at 757-58.

The Defendants argue that they cannot be held liable for breach of implied warranty for a particular purpose because the Defendants did not know the particular purpose for which Ms. Carter would use the Bard Mesh.[1] However, under Arkansas law, it is enough if the supplier is aware of the particular purpose a buyer has in mind and permits the buyer to make the purchase on the assumption that the goods are suitable for his needs. See Berkley Pump Co. v. Reed-Joseph Land Co., 653 S.W.2d 128, 133-34 (1983)). In other words, if, under all of the circumstances, the supplier has reason to realize the purpose intended or that reliance exists, it has knowledge of the particular purpose for which the product will be used. See id.

---

[1] It is interesting to note that with respect to Ms. Carter's breach of implied warranty of fitness for a particular purpose claim the Defendants claim they did not know the particular purpose for which Ms. Carter would use the Bard Mesh. On the other hand, with respect to Ms. Carter's breach of implied warranty of merchantability claim, the Defendants argue that Ms. Carter has established that the Bard Mesh was not fit for the particular purpose for which it was used, as opposed to an ordinary purpose.

As set forth above, the Bard Mesh at issue in this case was specifically manufactured by the Defendants for use in the surgical repair of hernias. The Defendants clearly had reason to realize that the Bard Mesh would be used in hernia surgeries and that the physicians and patients choosing to use the product relied on the Defendants' skill and judgment to furnish an adequate, safe product.

Additionally, contrary to the Defendants' argument, the fact that the Defendants knew of the ordinary purpose for which the Bard Mesh would be used at the time it was designed and manufactured is no basis for dismissing this claim. As previously stated, the ordinary purpose for which the product was designed is the same as the particular purpose for which it was used in this case: implantation during the surgical repair of a hernia. Accordingly, Ms. Carter has established knowledge on the part of the Defendants, and their Motion to Dismiss as to this claim should be denied.

**D. Ms. Carter Has Stated A Prima Facie Claim For Breach Of Express Warranty**

Arkansas law defines an express warranty as: (1) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the bargain; (2) any description of the goods which is made part of the basis of the bargain; or (3) any sample or model which is made part

Case 1:07-cv-01844-ML-LDA Document 14-11 Filed 10/05/2007 Page 9 of 23

of the basis of the bargain. See Ark. Code Ann. § 4-2-313(1). In Walcott & Steele v. Carpenter, the Arkansas Supreme Court held that a certification tag on a bag of cottonseed warranted that the contents of the bag to be as stated. See 436 S.W.2d 820, 823 (1969).

Here, the descriptive information accompanying the Bard Mesh that was implanted into Ms. Carter stated that it would maintain its shape and lie flat. The descriptive information also indicated that the Bard Mesh would reduce the risk of recurrence, minimize tissue attachment to the prosthesis, and protect against erosion of the mesh into vital organs. The descriptive information contained affirmations of fact on which Ms. Carter relied. Ms. Carter expected the Bard Mesh to conform to the description, and it did not. Accordingly, Ms. Carter has stated a prima facie claim for breach of express warranty, and no basis exists for dismissing this claim.

**E. The Doctrine Of Res Ipsa Loquitur Is Applicable To Ms. Carter's Negligence Claim**

Except in cases where res ipsa loquitur applies, negligence must be proven. See Mangrum v. Pigue, 359 Ark. 373, 387, 198 S.W.3d 496 (2004). Describing the doctrine of res ipsa loquitur, the Arkansas Supreme Court has stated:

> The doctrine of res ipsa loquitur has been developed to assist in the proof of negligence where the cause of an unusual happening

> connected with some instrumentality in the exclusive possession and control of the defendant cannot be readily established by the plaintiff. The theory is that since the instrumentality is in the possession of the defendant, justice requires that the defendant be compelled to offer an explanation of the event or be burdened with a presumption of negligence.

Barker v. Clark, 343 Ark. 8, 33 S.W.3d 476, 480 (Ark. 2000). The doctrine may apply in medical malpractice cases, and, although res ipsa loquitur does not have to be specifically pleaded in order to apply, the doctrine is usually set forth in the complaint when a plaintiff contends that it is applicable. See Taylor v. Riddell, 868 S.W.2d 891, 894 (Ark. 1995); Todd v. Shrum, 787 S.W.2d 240, 240 (Ark. 1990); Phillips v. Elwood Freeman Co., 745 S.W.2d 127, 128 (Ark. 1988); Stalter v. Coca-Cola Bottling Co. of Ark., 669 S.W.2d 460 (1984); Brantley v. Stewart Building & Hardware Supplies, Inc., 626 S.W.2d 943, 945 (Ark. 1982).

The Defendants claim that Ms. Carter's contention that res ipsa loquitur applies to this case should be dismissed because it is not a cause of action. However, Ms. Carter has pleaded its application in order to put the Court and the Defendants on notice that the doctrine should be applied in this case. This practice is routinely followed under Arkansas law. As such, Ms. Carter's claim that res ipsa loquitur applies in this case should not be dismissed merely

because it is applicable to proof of negligence as opposed to an independent cause of action.

**F. Ms. Carter Has Stated A Prima Facie Claim For Breach Of Contract**

In support of their contention that Ms. Carter's breach of contract should be dismissed, the Defendants argue that the making of a product and selling it does not make a contract. However, this proposition is simply inaccurate. According to the Arkansas Supreme Court, a "sale" is defined as a contract transferring the absolute or general ownership of property from one person to another for a price. See Dean v. State, 732 S.W.2d 855, 857 (Ark. 1987) (emphasis added); see also Black's Law Dictionary (defining "contract for sale" as "[a] contract for the present transfer of property for a price").

In this case, there is no doubt that the Defendants sold to Ms. Carter the Bard Mesh that was implanted in her. Ms. Carter paid for the product, and the Defendants clearly transferred ownership in the product to Ms. Carter, creating a contract for sale. The Defendants breached the sale contract by selling Ms. Carter a defective product, which caused damage to her. See Adams v. Wacaster Oil Co., 81 Ark.App. 150, 98 S.W.3d 832, 834 (Ark. App. 2003) (acknowledging that a contract existed between the plaintiff and the defendant where the evidence showed that the plaintiff purchased aviation fuel from the defendant and that the fuel was defective and caused the plaintiff's plane to

crash). Therefore, Ms. Carter has stated a prima facie claim for breach of contract, and no basis exists for dismissing this claim.

## IV. CONCLUSION

Based on the foregoing, no basis exists for dismissing any of Ms. Carter's claims. Consequently, Ms. Carter respectfully requests that the Defendants' Motion to Dismiss Counts III, IV, V, VI, and VII be dismissed in its entirety.

**CAROLENE JEAN CARTER, Plaintiff**

By:______________________________

**DAVID A. HODGES**
**Attorney at Law**
**212 Center Street, Fifth Floor**
**Little Rock, AR 72201-2429**
**Arkansas Bar No. 65021**
**Telephone: 501-374-2400**
**Facsimile: 501-374-8926**
**E-Mail: david@hodgeslaw.com**

**and**

**CALLIS L. CHILDS**
**Attorney at Law**
**243 Highway 64 East**
**Conway, AR 72032**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that he has served a copy of the foregoing pleading upon attorneys for all other parties in this action by placing same, properly addressed, in the United States mail, with sufficient postage to insure delivery, this 9 day of October, 2006.

**DAVID HODGES**

HO/DH/br

David A. Hodges
Attorney at Law
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

LITTLE ROCK OFFICE:
Telephone: 501-374-2400
Facsimile: 501-374-8926
Toll Free: 1-800-642-8082

FORREST CITY OFFICE:
2900 W. Broadway Avenue
Forrest City, Arkansas 72335
1-800-642-8082

July 11, 2006

WRITER'S E-MAIL:
david@hodgeslaw.com

C. R. Bard, Inc.
c/o Nadia J. Bernstein
Registered Agent
730 Central Avenue
Murray Hill, NJ 07974

Re: Carolene Carter - Bard Patch Recall

Dear Madam:

Please be advised that I, along with Callis Childs, represent Carolene Carter.

This is to advise you that Carolene Carter is a recipient of your product, a Bard Patch, which is subject to a recall by the Food and Drug Administration, and has been manufactured by your firm.

This notice is being given you pursuant to the provisions of Ark. Code Ann. § 4-2-607(3)(a). Notice of breach must be given to the seller within a reasonable period of time. Please consider this notice of a breach of warranty claim on behalf of Carolene Carter who lives at the following address: Carolene Carter, 243 Welcome Home Road, Casa, AR 72025.

With warmest and best personal regards, I am,

Sincerely yours,

DAVID HODGES

DH/dm/032
Via: Certified Mail, Return Receipt Requested
No. 7006 0810 0000 4625 4698
cc: Mr. Callis Childs
Ms. Carolene Carter

EXHIBIT
A

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C. R. Bard, Inc.
c/o Nadia J. Bernstein
Registered Agent
730 Central Avenue
Murray Hill, NJ 07974

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) Anth…
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

07974 JUL 17 2006 USPS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7006 0810 0000 4625 4698

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

# David A. Hodges


Attorney at Law
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

LITTLE ROCK OFFICE:
Telephone: 501-374-2400
Facsimile: 501-374-8926
Toll Free: 1-800-642-8082

FORREST CITY OFFICE:
2900 W. Broadway Avenue
Forrest City, Arkansas 72335
1-800-642-8082


July 11, 2006


WRITER'S E-MAIL:
david@hodgeslaw.com


C. R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974

Re: Bonnie Osburn - Bard Patch Recall

Dear Madam or Sir:

Please be advised that I, along with Callis Childs, represent Bonnie Osburn.

This is to advise you that Bonnie Osburn is a recipient of your product, a Bard Patch, which is subject to a recall by the Food and Drug Administration, and has been manufactured by your firm.

This notice is being given you pursuant to the provisions of Ark. Code Ann. § 4-2-607(3)(a). Notice of breach must be given to the seller within a reasonable period of time. Please consider this notice of a breach of warranty claim on behalf of Bonnie Osburn who lives at the following address: Bonnie Osburn, 255 Welcome Home Road, Casa, AR 72025.

With warmest and best personal regards, I am,

Sincerely yours,

David Hodges

DAVID HODGES

DH/dm/025

Via: Certified Mail, Return Receipt Requested
No. 7006 0810 0000 4625 4681

cc: Mr. Callis Childs
Ms. Bonnie Osburn

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C. R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(Transfer from service label) 7006 0410 0000 4688 4681

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

# David A. Hodges

Attorney at Law
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

LITTLE ROCK OFFICE:
Telephone: 501-374-2400
Facsimile: 501-374-8926
Toll Free: 1-800-642-8082

FORREST CITY OFFICE:
2900 W. Broadway Avenue
Forrest City, Arkansas 72335
1-800-642-8082


July 11, 2006

WRITER'S E-MAIL:
david@hodgeslaw.com

C. R. Bard, Inc.
730 Central Avenue
Murray Hill, NJ 07974

Re: Carolene Carter - Bard Patch Recall

Dear Madam or Sir:

Please be advised that I, along with Callis Childs, represent Carolene Carter.

This is to advise you that Carolene Carter is a recipient of your product, a Bard Patch, which is subject to a recall by the Food and Drug Administration, and has been manufactured by your firm.

This notice is being given you pursuant to the provisions of Ark. Code Ann. § 4-2-607(3)(a). Notice of breach must be given to the seller within a reasonable period of time. Please consider this notice of a breach of warranty claim on behalf of Carolene Carter who lives at the following address: Carolene Carter, 243 Welcome Home Road, Casa, AR 72025.

With warmest and best personal regards, I am,

Sincerely yours,

David Hodges

DAVID HODGES

DH/dm/032

Via: Certified Mail, Return Receipt Requested
No. 7006 0810 0000 4625 4582

cc: Mr. Callis Childs
Ms. Carolene Carter

CENTRAL AR P&DC 722

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X [signature] ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) C. Date of Delivery |
| 1. Article Addressed to:<br><br>C. R. Bard, Inc.<br>730 Central Avenue<br>Murray Hill, NJ 07974 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7006 0810 0000 4625 4582 |

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**David A. Hodges**
Attorney at Law
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

LITTLE ROCK OFFICE:
Telephone: 501-374-2400
Facsimile: 501-374-8926
Toll Free: 1-800-642-8082

FORREST CITY OFFICE:
2900 W. Broadway Avenue
Forrest City, Arkansas 72335
1-800-642-8082

July 11, 2006

WRITER'S E-MAIL:
david@hodgeslaw.com

Davol Inc.
100 Sockanossett Crossroad
Cranston, RI 02920

Re: Carolene Carter - Bard Patch Recall

Dear Madam or Sir:

Please be advised that I, along with Callis Childs, represent Carolene Carter.

This is to advise you that Carolene Carter is a recipient of your product, a Bard Patch, which is subject to a recall by the Food and Drug Administration, and has been manufactured by your firm.

This notice is being given you pursuant to the provisions of Ark. Code Ann. § 4-2-607(3)(a). Notice of breach must be given to the seller within a reasonable period of time. Please consider this notice of a breach of warranty claim on behalf of Carolene Carter who lives at the following address: Carolene Carter, 243 Welcome Home Road, Casa, AR 72025.

With warmest and best personal regards, I am,

Sincerely yours,

David Hodges

DAVID HODGES

DH/dm/032

Via: Certified Mail, Return Receipt Requested
No. 7006 0810 0000 4625 4575

cc: Mr. Callis Childs
Ms. Carolene Carter

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Davol Inc.
100 Sockanossett Crossroad
Cranston, RI 02920

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) O-CABRAL

C. Date of Delivery JUL 14 2006

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7006 0810 0000 4625 4575

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

David A. Hodges
Attorney at Law
Centre Place - Fifth Floor
212 Center Street
Little Rock, Arkansas 72201-2429

LITTLE ROCK OFFICE:
Telephone: 501-374-2400
Facsimile: 501-374-8926
Toll Free: 1-800-642-8082

FORREST CITY OFFICE:
2900 W. Broadway Avenue
Forrest City, Arkansas 72335
1-800-642-8082

July 11, 2006

WRITER'S E-MAIL:
david@hodgeslaw.com

Davol Inc.
c/o CT Corporation System
Registered Agent
10 Weybosset Street
Providence, RI 09203

Re: Carolene Carter - Bard Patch Recall

Dear Madam or Sir:

Please be advised that I, along with Callis Childs, represent Carolene Carter.

This is to advise you that Carolene Carter is a recipient of your product, a Bard Patch, which is subject to a recall by the Food and Drug Administration, and has been manufactured by your firm.

This notice is being given you pursuant to the provisions of Ark. Code Ann. § 4-2-607(3)(a). Notice of breach must be given to the seller within a reasonable period of time. Please consider this notice of a breach of warranty claim on behalf of Carolene Carter who lives at the following address: Carolene Carter, 243 Welcome Home Road, Casa, AR 72025.

With warmest and best personal regards, I am,

Sincerely yours,

David Hodges

DAVID HODGES

DH/dm/032
Via: Certified Mail, Return Receipt Requested
No. 7006 0810 0000 4625 4599
cc: Mr. Callis Childs
Ms. Carolene Carter

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature] ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) C. Date of Delivery 7/14/06 |
| 1. Article Addressed to:<br><br>Davol Inc.<br>c/o CT Corporation System<br>Registered Agent<br>10 Weybosset Street<br>Providence, RI 09203 | D. Is delivery address different from item 1? ☑ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes |

2. Article Number (*Transfer from service label*) 7006 0810 0000 4625 4599

11 JUL 2006 PM 2

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540