**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CAROLINE JEAN CARTER PLAINTIFF

v. NO. 4:06CV001012 JLH

DAVOL INC., a Rhode Island corporation; C.R. BARD, INC., a New Jersey corporation; JOHN DOE I; JOHN DOE II; JOHN DOE III; JOHN DOE IV; and JOHN DOE V DEFENDANTS

**ORDER**

Caroline Carter brought this action in the Circuit Court of Perry County against the defendants for damages she sustained from an allegedly defective Composix Bard Kugel Mesh implanted in her back during hernia surgery. Defendants removed the suit to this Court on the basis of diversity jurisdiction. Defendants C.R. Bard, Inc., and Davol Inc. have now moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts III, IV, V, VI, and VII of Carter's complaint. Count III alleges a breach of the implied warranty of merchantability, Count IV a breach of the implied warranty of fitness, Count V breach of express warranties, Count VI res ipsa loquitur, and Count VII breach of contract.[1]

In considering a motion to dismiss, the "complaint must be liberally construed in the light most favorable to the plaintiff." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994) (citation omitted). Under the liberal notice pleading standards contained in Rule 8(a) of the Federal Rules of Civil Procedure, pleadings need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Shurgard Storage Ctr. v. Lipton-U. City, LLC*, 394 F.3d 1041, 1046 (8th Cir. 2005). A motion to dismiss can be granted pursuant to Fed. R. Civ. P. 12(b)(6) only if "it

---

[1] Count VII is mistakenly labeled "Count VI" in the complaint.

appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999). "[A]s a practical matter, dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Carter's complaint is not facially deficient. Having examined Counts III through VII of the complaint, the Court cannot say that Carter can prove no set of facts that would entitle her to relief against Bard and Davol. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Now is not the proper time, nor a Rule 12(b)(6) motion the proper vehicle, for determining the merits of Carter's claims. Whether Bard and Davol will be entitled to summary judgment pursuant to Rule 56 is best left until the parties have had opportunity for appropriate discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Nothing in this Order should be construed as an opinion on the merits of any motion for summary judgment that might be filed by any party after all parties have been given an opportunity for discovery.

The motion to dismiss Counts III through VII of Carter's complaint is DENIED. Document #8.

IT IS SO ORDERED this 11th day of October, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE