**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| CAROLENE JEAN CARTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4-06 CV00001012 JLH |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | |
| C. R. BARD, INC., a New Jersey corporation; | ) | |
| JOHN DOE I; JOHN DOE II; JOHN DOE III; | ) | |
| JOHN DOE IV; and JOHN DOE V, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF C.R. BARD, INC. AND DAVOL INC.**

Defendants C.R. Bard, Inc. and Davol Inc. ("Bard"), by and through its counsel, files this amended answer to plaintiff's Complaint (the "Complaint")[1] as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 of the Complaint contains allegations naming the Circuit Court of Perry County, Arkansas as the proper jurisdiction for this controversy. To the extent that a response is required, Bard denies Paragraph 1 and further states that this controversy has been properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

2. Paragraph 2 of the Complaint contains allegations stating that Perry County, Arkansas is the proper venue for this controversy. To the extent that a response is required, Bard denies Paragraph 2 and further states that this controversy has been properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

[1] On August 28, 2006, defendants filed a Motion to Dismiss certain counts of plaintiff's Complaint and a partial Answer addressing the counts not subject to the motion. On October 11, 2006, the Court denied defendants' motion. Accordingly, pursuant to Rule 12(a)(4)(A), defendants file this Amended Answer addressing the entirety of plaintiff's Complaint.

## PARTIES

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Bard to which no response is required. To the extent that a response is required, Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. Bard admits that Davol Inc. is located at 100 Sockanossett Crossroad, Cranston, Rhode Island 02920, and that its registered agent is CT Corporate System, 10 Weybosset Street, Providence, Rhode Island 02903.

5. Bard admits that it is a New Jersey corporation located at 730 Central Avenue, Murray Hill, New Jersey 07974, and its registered agent is Nadia J. Bernstein, 730 Central Avenue, Murray Hill, New Jersey 07974.

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Bard to which no response is required. To the extent that a response is required, Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies the same.

## FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS

7. Bard admits that Davol, a wholly-owned subsidiary of Bard, at various times manufactured and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 7 of the Complaint, Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. Bard admits that Davol, a wholly-owned subsidiary of Bard, at various times manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information. Bard states the remaining allegations are

conclusions of law and no answer is required. To the extent an answer is required or that this paragraph alleges that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Bard denies those allegations.

9. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

10. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations. Bard states the remaining allegations are conclusions of law and no answer is required. To the extent an answer is required or that this paragraph alleges that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Bard denies those allegations.

11. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations. Bard states the remaining allegations are conclusions of law and no answer is required. To the extent an answer is required or that this paragraph alleges that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Bard denies those allegations.

12. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

**COUNT I**

13. In response to Paragraph 13 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

14. Bard admits that Davol, a wholly-owned subsidiary of Bard, at various times manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information. Bard states the remaining allegations are conclusions of law and no answer is required. To the extent an answer is required or that this

paragraph, and its subparts (a) through (g), allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries Bard denies those allegations.

**COUNT II**

15. In response to Paragraph 15 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

16. Bard admits that Davol, a wholly-owned subsidiary of Bard, at various times manufactured, assembled, distributed, and sold the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information. Bard states the remaining allegations are conclusions of law and no answer is required. To the extent an answer is required or that this paragraph allege that the Composix® Kugel® Hernia Patch caused plaintiff's injuries, Bard denies those allegations.

**COUNT III**

17. In response to Paragraph 17 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

18. Bard states the allegations in paragraph 18 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT IV**

19. In response to Paragraph 19 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

20. Bard states the allegations in Paragraph 20 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT V**

21. In response to Paragraph 21 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

22. Bard states the allegations in Paragraph 22 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT VI**

23. In response to Paragraph 23 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

24. Bard states the allegations in Paragraph 24 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

25. Bard states the allegations in Paragraph 25 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

26. Bard states the allegations in Paragraph 26 and its subparts (a) through (c) are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**COUNT VI**

27. In response to Paragraph 27 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

28. Bard states the allegations in Paragraph 28 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

29. Bard states the allegations in Paragraph 29 are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

**DAMAGES**

30. Bard denies that the Composix® Kugel® Hernia Patch caused plaintiff's injuries and that it owes damages of any sort to plaintiff.

31. Bard admits that the amount in controversy requirement of 28 U.S.C. § 1332 has been met.

32. Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiff's claims against Bard in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or her agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Bard, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Bard, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. Plaintiff is responsible, in whole or in part, for any injuries she suffered as a result of her own negligence and her acts or omissions bar her recovery to the extent that her individual relative degree of fault is equal to or greater than the fault of Bard, no fault being admitted. In the alternative, if plaintiff's individual relative degrees of fault are less than that of Bard, no fault

being admitted, then plaintiff's right to recover is diminished in an amount based upon her individual relative degree of fault.

9. If plaintiff used a product sold by Bard, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

10. The "learned intermediary" doctrine bars plaintiff's claims.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

13. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

14. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

15. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any

Case 1:06-cv-01840-ML-LDA Document 12 Filed 10/23/2006 Page 8 of 11

product sold, distributed, or manufactured by Bard. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

16. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

17. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

18. Bard has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it.

19. Bard made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Bard specifically denies, then plaintiff failed to give notice of any breach thereof. Moreover, Bard effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

20. Bard made no contract, oral or otherwise, to provide any goods to plaintiff, including the Composix® Kugel® Hernia Patch.

20. Plaintiff's causes of action are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21. The doctrine of *res ipsa loquitur* is inapplicable to this case.

22. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

Case 4:06-cv-00401-JLH Document 12 Filed 06/26/06 Page 9 of 11

23. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard product.

24. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

25. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's due process, equal protection and other rights under the United States Constitution, the Arkansas Constitution, and any other applicable law.

26. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Arkansas and/or other applicable laws.

27. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

28. To the extent plaintiff's Complaint seeks punitive damages, plaintiffs are limited in the amount, if any, they may recover for punitive damages under Ark. Code Ann. § 16-55-208.

29. Bard hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: October 23, 2006

Respectfully submitted,

**/s/ Lyn P. Pruitt**
Arkansas Bar No. 84121
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800 main
(501) 688-8807 fax
*lpruitt@mwsgw.com*

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed the document by United States Postal Service to the following non CM/ECF participants:

David A. Hodges, Esq.
Attorney at Law
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas, 72201-2429

Callis L. Childs, Esq.
Attorney at Law
243 Highway 64 East
Conway, Arkansas 72032

**/s/ Lyn P. Pruitt**
**Arkansas Bar No. 84121**