**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CAROLENE JEAN CARTER PLAINTIFF(S)

vs. CASE NO. 4:06CV01012 JLH

DAVOL, INC., *et al* DEFENDANT(S)

**AMENDED INITIAL SCHEDULING ORDER**

An appearance was entered by defendant(s) on AUGUST 28, 2006.
IT IS HEREBY ORDERED that the following deadlines and proposals are in effect:

**1. RULE 26(f) CONFERENCE DEADLINE: JANUARY 5, 2007**

The parties are jointly responsible for holding their Rule 26(f) conference on or before the date specified.

**2. RULE 26(f) REPORT DUE DATE: JANUARY 19, 2007**

Consult FRCP 26(f) and Local Rule 26.1 for information to be included in the Rule 26(f) Report. The Report should be filed with the Clerk of the Court.

**3. PROPOSED TRIAL DATE: OCTOBER 29, 2007**

The case will be scheduled for **JURY TRIAL** before Judge J. Leon Holmes commencing at 9:15 a.m. sometime during the week as set for above in **LITTLE ROCK, ARKANSAS**.

**4. RULE 16(b) CONFERENCE: (Scheduled if needed)**

A telephone conference will be scheduled within one week of the filing of the Rule 26(f) Report, if necessary as determined by the Court, to resolve any conflicts among the parties with the proposed trial date and deadlines, mandatory disclosures, etc. Attached is a proposed final scheduling order with proposed deadlines for the parties consideration during the Rule 26(f) conference. **Unless the parties object, the proposed scheduling order will become the Court's Final Scheduling Order** and will be issued without a conference.

Dated December 18, 2006

AT THE DIRECTION OF THE COURT
JAMES W. McCORMACK, CLERK

By /s/ Cory Wilkins
Courtroom Deputy

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CAROLENE JEAN CARTER PLAINTIFF(S)

v. Case No. 4:06CV01012 JLH

DAVOL, INC., *et al* DEFENDANT(S)

**PROPOSED FINAL SCHEDULING ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1. TRIAL DATE**

This case is scheduled for JURY TRIAL before Judge J. Leon Holmes commencing at 9:15 a.m. sometime during the week of OCTOBER 29, 2007, in LITTLE ROCK, ARKANSAS.

**2. DISCOVERY**

Discovery should be completed no later than AUGUST 16, 2007. The parties may conduct discovery beyond this date if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute. Upon the filing of such motion, a response should be filed promptly. A conference call will be scheduled to resolve such matters if the Court deems it necessary.

**3. ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than JULY 31, 2007.

**4. STATUS REPORT**

A status report must be filed with the Clerk's office on or before AUGUST 30, 2007. The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

**5. MOTION DEADLINE**

All motions, except motions in limine, must be filed on or before AUGUST 30, 2007. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1. Motions in limine must be filed on or before OCTOBER 15, 2007 and responses must be filed five (5) days thereafter. Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) provides: "Within eleven (11) days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." Any reply to a response to a motion must be filed within five (5) days of service of the response. The Court may or may not wait on the filing of a reply before ruling on the motion. No surresponse or surreply will be permitted.

## 6. PRETRIAL DISCLOSURE SHEET [FED.R.CIV.P. 26(a)(3)]

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy, Cory Wilkins, and opposing counsel no later than OCTOBER 9, 2007. That witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

## 7. DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by OCTOBER 9, 2007. Counter-designations must be made by OCTOBER 19, 2007. Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by OCTOBER 22, 2007, with the response due OCTOBER 26, 2007. Depositions to be read at trial must be marked as exhibits.

## 8. TRIAL BRIEF

The parties must simultaneously submit trial briefs summarizing the anticipated factual and legal issues in the case on or before OCTOBER 19, 2007. The briefs should suggest to the Court any evidentiary issues that are expected to arise during trial and brief the law concerning the proper resolution to those issues.

## 9. JURY INSTRUCTIONS AND STATEMENT OF CASE

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before OCTOBER 22, 2007. Standard instructions from AMI, Eighth Circuit or Federal Jury Practice and Instructions (5th Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction. NOTE: DO NOT include the standard opening and closing instructions. A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions must be submitted on a 3.5 inch diskette in WordPerfect format or electronically to jlhchambers@ared.uscourts.gov.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire, and also any proposed voir dire questions it wishes the Court to pose to the panel.

## 10. STIPULATIONS

The parties should stipulate in writing to the facts not in controversy five (5) days before the trial date.

## 11. INTRODUCTION OF EXHIBITS

All exhibits must be listed on the enclosed form in numerical sequence. Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. The lists must be submitted to the Courtroom Deputy thirty (30) minutes before the beginning of trial, with notations made on the Court's copy noting exhibits to which there is an objection. The Court will receive all stipulated exhibits at the beginning of the trial.

## 12. CONFLICTS OF INTEREST

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Cory Wilkins, Courtroom Deputy, at 501-604-5384 to ascertain your position on the

calendar as the trial date approaches. In the event of settlement, advise Mr. Wilkins immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

Dated December 18, 2006

AT THE DIRECTION OF THE COURT
JAMES W. McCORMACK, CLERK

By ____________________________
Courtroom Deputy