# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS WESTERN DIVISION

CAROLENE JEAN CARTER, )
)
Plaintiff )
)
v. ) Civil Action No.: 4-06 CV00001012 JLH
)
DAVOL INC., a Rhode Island corporation; )
C. R. BARD, INC., a New Jersey corporation; )
JOHN DOE I; JOHN DOE II; JOHN DOE III; )
JOHN DOE IV; and JOHN DOE V, )
)
Defendants. )

## JOINT RULE 26(f) REPORT

**Current Trial Date:** October 29, 2007 at 9:15 a.m. in Little Rock, Arkansas before Judge J. Leon Holmes.

**Pretrial Conference Date:** TBD

**Type of Trial:** Jury

**Estimated Length of Trial is** 5-7 **court days.**

**Participants:**

**a. Attorneys for Plaintiff Carolene Carter**

David A. Hodges, Esq.
Attorney at Law
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas, 72201-2429

Callis L. Childs, Esq.
Attorney at Law
243 Highway 64 East
Conway, Arkansas 72032

**b. Attorneys for Defendant C.R. Bard, Inc. and Davol Inc.**

Lyn Pruitt
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800

Joe G. Hollingsworth
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
202-898-5800

**Nature of the Case:**

This is a complex products liability case in which the plaintiff alleges that she developed an infection requiring lengthy treatment after repair of her recurrent incisional hernia on July 18, 2003 due to the defendant's hernia repair device, the Composix® Kugel® Patch. Defendants contest causation and it is expected that, following expert discovery, defendants will file a *Daubert* motion and other dispositive motions.

The defendants state that this is the first product liability lawsuit that has been filed in any court alleging injury concerning the Composix® Kugel® Patch.

**Affirmation Regarding Initial Disclosures:**

There are no objections to the initial disclosures required under Fed. R. Civ. P. 26(a)(1). Further, there is no need to amend the form or requirements of the party's disclosures under Fed. R. Civ. P. 26(a)(1). Counsel agree that the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) should be made simultaneously on March 12, 2007.

**Subjects on Which Discovery May be Needed:**

Defendants contend that at the outset, an initial determination must be made as to whether or not plaintiff Carolene Carter's Composix Kugel Hernia Patch was subject to Davol's voluntary recall and, if so, whether there is objective medical evidence of a ring break. This determination will dictate the extent of discovery and may affect the potential for early resolution of this case. Plaintiff contends that discovery is needed on all matters without restriction based on whether there was a ring break involving the plaintiff.

**a. General Causation**

Whether the Composix Kugel Hernia Patch manufactured by defendants and allegedly implanted into plaintiff Carolene Carter prior to her development of infection, can cause the type of infection Carolene Carter allegedly sustained.

**b. Specific Causation**

Whether the Composix Kugel Hernia Patch manufactured by defendants and allegedly implanted into plaintiff Carolene Carter prior to her development of infection, was in fact the cause of Carolene Carter's infection.

**c. Alternative Causes of Plaintiff Carolene Carter's Infection**

Whether and to what extent Carolene Carter's infection was caused by factors other than the implantation of a Composix Kugel Hernia Patch including, but not limited to, idiosyncratic reaction by plaintiff to polypropylene mesh.

**d. Damages**

Whether and to what extent Carolene Carter sustained compensable injury as a result of the implantation of a Composix Kugel Hernia Patch.

**Electronic Discovery:**

Plaintiff anticipates seeking discovery from electronic media. The parties will confer concerning the appropriate scope of such discovery when the plaintiff discloses what electronic information she seeks informally or by submission of formal written discovery requests. Plaintiff states that discovery will be conducted in accordance with the current discovery rules, including the new rules governing electronic discovery.

Bard will produce any documents retrieved from electronic media in TIFF format with accompanying files containing full-text information extracted from the native format. Where redaction is required in the document being produced, a full-text OCR file generated from the redacted image will be provided in lieu of extracted text.

**Proposed Schedule:**

The parties have conferred in a timely fashion and on multiple occasions regarding the schedule in this case and have been unable to reach agreement.

Plaintiff:

Plaintiff's counsel has a partial conflict with the current trial date, due to another trial scheduled to run from October 22 to October 30, 2007, and thus requests that the trial commence

on October 31, 2007. Plaintiff believes that all other dates in the schedule automatically generated by the Court based on the trial date are appropriate; plaintiff thus does *not* consent to the schedule proposed by Bard and Davol below.

Defendants:

Pursuant to L.R. 26.1(5), (6), (9), (10), (11), and (12), Bard and Davol propose the following schedule for this case, in light of their assessment of the time needed for document production and the completion of discovery. The proposed schedule includes a different trial date than is currently set. Plaintiff is in agreement only as to the first date, that for initial disclosures under Rule 26(a)(1).

| | |
|---|---|
| March 12, 2007: | R. 26(a)(1) initial disclosures |
| May 1, 2007: | Deadline to amend pleadings/add parties |
| July 15, 2007: | Deadline for written discovery |
| August 15, 2007: | Plaintiff's Rule 26(a)(2) expert disclosures |
| Sept. 15, 2007: | Defendants' Rule 26(a)(2) expert disclosures |
| October 15, 2007: | Deadline for completion of plaintiff's expert's depositions |
| Nov. 15, 2007: | Deadline for completion of defendants' expert's depositions |
| Nov. 15, 2007: | Discovery ends |
| Dec. 1, 2007: | Dispositive motions deadline |
| Dec. 1, 2007: | Status Report deadline |
| January, 2008: | *Daubert* hearing |
| March 12, 2008: | Pretrial Disclosure Sheet deadline |
| March 31, 2008: | Motions *in limine* deadline |
| April 7, 2008: | Oppositions to motions *in limine* due |
| April 9, 2008: | Trial Brief Submission deadline for both parties |
| April 14, 2008: | Proposed jury instructions and Statement of the Case submitted to Court |
| April 14, 2008: | Submission of stipulated facts due |
| April 21, 2008: | Trial |

**Protective Orders:**

A Protective Order will be needed to safeguard proprietary information and trade secrets disclosed during discovery in this case; a proposed Order has been provided to the plaintiff for her review.

Plaintiff states her belief that the protective order should be evaluated based on the facts and the reason proposed for the protective order, which should not be a blanket protective order, but one justified by the Defendants.

**Anticipated Amendments to Pleadings:**

Plaintiff anticipates filing amendments to the pleadings.

Kirby T. Griffis
Dana Alan Gausepohl, Bar No. 481170
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
202-898-5800
202-682-1639 (fax)

Lyn Pruitt
Mitchell Williams Selig Gates & Woodyard, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2007, a copy of the foregoing C.R. Bard, Inc.'s and Davol Inc.'s Rule 26(f) Report was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David A. Hodges, Esq.
Attorney at Law
Centre Place – Fifth Floor
212 Center Street
Little Rock, Arkansas, 72201-2429
*via electronic notice*

Callis L. Childs, Esq.
Attorney at Law
243 Highway 64 East
Conway, Arkansas 72032
*via electronic notice*

Dana Alan Gausepohl